**James SHANNON, Plaintiff,**

v.

**NORFOLK AND WESTERN RAILWAY COMPANY, Defendant.**

Civ. A. No. 173–69.

United States District Court
E. D. Virginia,
Norfolk Division.

Dec. 30, 1969.

Campbell, Lustig & Hancock, Norfolk, Va., for plaintiff.

Williams, Worrell, Kelly & Worthington, Norfolk, Va., for defendant.

## MEMORANDUM ORDER

KELLAM, District Judge.

Plaintiff, seeking damages under the provisions of the Federal Employers' Liability Act, recovered a jury verdict for $750.00 He now contends the verdict was inadequate, contrary to the law and the evidence, and that the jury could not have found plaintiff guilty of contributory negligence.

Plaintiff alleged his injury resulted from a fall while performing his duties in assisting in the switching of a train. He asserted that after throwing a switch, he started to cross the tracks, stepped on a cross-tie, which was greasy, and fell. The plaintiff was aware that a cross-walk had been provided and was available for use in crossing the track, which was about ten feet from where he crossed and fell. Defendant contended that plaintiff was negligent in the way he crossed.

Fortunately, plaintiff's injury was minor. His own physician said

1

plaintiff "exaggerated his injuries," and on examination his doctors were unable to find any cause for his complaints. Each physician said that he had "voluntary resistance" to motions. The question of negligence, contributory negligence, and extent of the injury are all for the jury. As was said in Rogers v. Missouri Pacific Railroad Co., 352 U.S. 500, 510, 77 S.Ct. 443, 450–451, 1 L.Ed. 2d 493, "Congress vested the power of decision in these actions exclusively in the jury in all but the infrequent cases where fair-minded jurors cannot honestly differ." And in Tennant v. Peoria & Pekin Union Railway Co., 321 U.S. 29, 35, 64 S.Ct. 409, 412, 88 L.Ed. 520 in passing on the function of the Court in dealing with a finding by the jury, the Court said:

It is the jury, not the court, which is the fact-finding body. It weighs the contradictory evidence and inferences, judges the credibility of witnesses, receives expert instructions, and draws the ultimate conclusion as to the facts. The very essence of its function is to select from among conflicting inferences and conclusions that which it considers most reasonable. Washington & Georgetown R. Co. v. McDade, 135 U.S. 554, 571, 572, 10 S.Ct. 1044, 34 L.Ed. 235; Tiller v. Atlantic Coast Line R. Co., supra, 318 U.S. [54] 68, 63 S.Ct. [444] 451, 143 A.L.R. 967; Bailey v. Central Vermont Ry., 319 U. S. 350, 353, 354, 63 S.Ct. 1062, 1064, 87 L.Ed. 1444. That conclusion, whether it relates to negligence, causation or any other factual matter, cannot be ignored. Courts are not free to reweigh the evidence and set aside the jury verdict merely because the jury could have drawn different inferences or conclusions or because judges feel that other results are more reasonable.

In Dixon v. Virginian Railway Company, 250 F.2d 460, 462 (4th Cir. 1957), in passing on the issue of negligence and contributory negligence, it was said:

That is not to say that there was not evidence amply sufficient to support a different conclusion, but as this Court recently said in Atlantic Coast Line R. Co. v. Truett, 4 Cir., 249 F.2d 215, 217, "Distilling the essential truth from a raw mixture of circumstances is the fact finder's function, and the jury is the instrument our system provides for this purpose." Courts are, and should be, astute not to substitute their judgment on issues of fact for that of juries when different inferences may be reasonably drawn from the evidence. Wilkerson v. McCarthy, 336 U.S. 53, 69 S.Ct. 413, 93 L.Ed. 497.

■ Wilkerson v McCarthy, 336 U.S. 53, 69 S.Ct. 413, 93 L.Ed. 497, dealt with an issue similar to the one here. There it was charged, in the performance of his duties, it was necessary for the railroad switchman to walk over a wheel-pit on a narrow boardway, and that while so doing, he fell in and was injured. The railroad denied negligence on its part and that the boardway was intended for the employees' use. In holding that the issue of negligence and contributory negligence were for the jury, the Court said that "while petitioner's failure to use a safer method of crossing might be found by the jury to be contributory negligence" such does not bar recovery but merely diminishes the amount of recovery in proportion to the contributory negligence. And, again in Southern Pacific Co. v. Guthrie, 180 F.2d 295, 300 (9th Cir. 1950), the Court said:

But insofar as contributory negligence may have a bearing on its amount, it is our opinion that for the same reason that the question of negligence vel non on the part of the company was one to be decided by the jury, the question of whether plaintiff was guilty of contributory negligence was also one for the jury to decide.

The jury having resolved the issue of negligence and contributory negligence, judgment entered on the verdict will not be disturbed. The motion is denied.